IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-02035-RBJ

AUTUMN BRIN, individually, and on behalf or her son,
DEVON HOFFMAN, a minor,

    Plaintiffs,

v.

ACI MOTOR FREIGHT, INC.,
ROBERT L. CLAIBOURN, III,
GIBSON & ASSOCIATES, INC.,
KROGER CO.,
JOSHUA ROWLEY, and
STEVAN STIEFVATER,

    Defendants.

## ORDER

This is a personal injury action brought in federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant Kroger Co. moves to dismiss for lack of subject matter jurisdiction, specifically, the lack of complete diversity of citizenship between the plaintiffs, on one side, and all defendants, on the other side [ECF No. 6]. Defendant Gibson & Associates, Inc. moves to dismiss on the same basis and, alternatively, for lack of personal jurisdiction as to it. [ECF No. 7]. Initially, Ms. Brin did not respond to either motion. The Court *sua sponte* issued an order for her to explain whether she wished to continue her case in federal court if the non-diverse defendant, Mr. Stiefvater, were dismissed, and also to show cause as to whether this Court has personal jurisdiction over defendant Gibson & Associates, Inc. The Court invited the other parties to submit briefing on these issues. Ms. Brin responded to the motions to

1

dismiss and this Court's order to show cause, [ECF No. 13], and the other parties weighed in as well [ECF Nos. 12, 14, 17].

Looking for more evidence on the matter of personal jurisdiction over Gibson & Associates, the Court held an evidentiary hearing on March 27, 2014. At that hearing, Ms. Brin's counsel indicated for the first time that she would be filing a motion to transfer venue to the District of Kansas, and that her clients were in the process of relocating to Florida. On April 5, 2014, Ms. Brin filed the motion to transfer, [ECF No. 22], and at this point the motion is fully briefed.

For the reasons set forth herein, the Court orders the claims against Mr. Stiefvater dismissed without prejudice pursuant to Rule 21 and grants Ms. Brin's motion to transfer the remainder of the case to the U.S. District Court for the District of Kansas.

## I. Alleged Facts

For the sake of completeness, the Court repeats the summary of facts from its earlier order to show cause. Autumn M. Brin alleges that on August 11, 2011 she and her minor son Devon Hoffman were passengers in a car being driven by defendant Stevan Stiefvater. They were traveling southbound in the left lane of I-135 in Kansas, behind a Kroger Co. van being driven by defendant Joshua Rowley, which in turn was behind a semi-truck owned by defendant ACI Motor Freight and driven by defendant Robert L. Claibourn, III. Suddenly an unknown employee of defendant Gibson & Associates, which was performing construction work on the highway, held up a stop sign for traffic in the left lane. Claibourn sharply braked the ACI truck, causing it to jack-knife in front of the Kroger van which crashed into the truck. The Stiefvater car in turn crashed into the van. Ms. Brin and her son were injured. Plaintiffs bring separate

negligence-based claims against (1) Gibson; (2) Claibourn; (3)-(5) ACI; (6) Rowley; (7)-(9) Kroger; and (10) Stiefvater.

## II. Discussion

### a. **Time of Filing Rule.**

The sole alleged basis for federal jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. As this Court noted in its order to show cause, it is well settled that in order for there to be diversity jurisdiction there must be complete diversity of citizenship between the plaintiffs and all defendants. *Ravenswood Inv. Co., L.P. v. Avalon Corr. Services*, 651 F.3d 1219, 1223 (10th Cir. 2011) ("When jurisdiction is premised on diversity of citizenship . . . each plaintiff must be diverse from each defendant. . . .") (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989)). In response to defendants' motions to dismiss and this Court's order to show cause, Ms. Brin did not appear to deny that Mr. Stiefvater is a non-diverse defendant and must be dismissed from this case if there is any chance of preserving diversity jurisdiction. [ECF No. 13 at 2.]

Now, however, Ms. Brin appears to believe that complete diversity exists because she and her son are in the process of moving to Florida. She is mistaken. Citizenship is determined at the time of filing. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Whether Ms. Brin and her son plan to move to Florida is legally irrelevant for purposes of establishing complete diversity. Her complaint lists herself, her son, and defendant Stiefvater as residents of Colorado. [ECF No. 1.] That alone illustrates the absence of complete diversity at the time of filing.[1]

---

[1] Furthermore, in the affidavit that Ms. Brin attaches to her motion for transfer, she claims that she was "served with an eviction notice [at her Colorado residence] on February 27, 2014." [ECF No. 22, Ex. 1.] This suggests that Ms. Brin may in fact reside in Colorado at the present time.

### b. **Rule 21 Dismissal.**

When a non-diverse defendant threatens to destroy federal jurisdiction in a given case, the court can sever and dismiss that defendant without necessarily dismissing the entire case. Fed. R. Civ. P. 21. However, if the non-diverse defendant is an indispensable party the better option may be dismissal of the case. *See* Fed. R. Civ. P. 19. For the reasons that follow, I conclude that Mr. Stiefvater is not an indispensable party, so the case may proceed in federal court.

Under Rule 19, deciding whether a party is indispensable is a two-step process. First, the court must determine whether the party is "required." Under the rules, a required party is a

> person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). The Advisory Committee Notes clarify that this test "is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Id.* (citations omitted). Rule 20 is also instructive on this point. It indicates that additional defendants *may* be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore in situations where defendants are jointly, severally, or jointly and severally liable, individual defendants are typically permissive parties, not required parties.

4

Here, Ms. Brin brings claims against Mr. Stiefvater and others arising out of a car accident that occurred in Kansas. As a federal court siting in diversity, this Court would apply Kansas substantive law in this case. In their briefs, the parties have pointed out that Kansas has adopted a comparative negligence statute and has replaced joint and several liability with several liability. Defendant ACI argues that Kansas's negligence statute requires joinder of all potential tortfeasors—in other words there is no procedure for designating a tortfeasor as a non-party—and therefore Mr. Stiefvater is an indispensable party. *See* K.S.A. 60-258a(c).

In the decades since the passage of Kansas's comparative negligence statute, both federal and state courts have grappled with its application in diversity settings. It is true that the statute states that "[o]n motion of any party against whom a claim is asserted for negligence resulting in death, personal injury, property damage or economic loss, any other person whose causal negligence is claimed to have contributed to the [harm] must be joined as an additional party." *Id.* However, state and federal courts, including the Tenth Circuit, have indicated that this is a procedural mechanism that "is not outcome determinative, and is not binding on the federal courts." *Hefley v. Textron*, Inc., 713 F.2d 1487, 1497 (10th Cir. 1983) (footnote omitted); *see also Stueve v. Am. Honda Motors Co., Inc.*, 457 F. Supp. 740, 750 (D. Kan. 1978) (noting that "federal courts of this district have viewed this provision as merely a procedural device inapplicable in federal courts").

The seminal case appears to be from the U.S. District Court in the District of Kansas. In *Greenwood v. McDonough Power Equip., Inc.*, 437 F. Supp. 707, 709 (D. Kan 1977), the court found that granting defendants the substantive right to join any potential tortfeasor would defeat diversity jurisdiction in virtually all tort actions arising in Kansas. Finding no evidence that the Kansas legislature intended such a result, the court went on to apply the tests for a required party

5

under Fed. R. Civ. P. 19(a). In order to determine whether any of the defendants in that case would be subject to double, multiple, or otherwise inconsistent obligations if the non-diverse defendants were dismissed, the court differentiated between the substantive and procedural portions of the comparative negligence statute.

Substantively, the statute grants the "right to have [a defendant's] liability for the damages to which plaintiff is entitled measured by [its] share of the total negligence." *Id.* at 710; *see also Hefley*, 713 F.2d at 1496 ("Thus, under the Kansas law of comparative negligence, a defendant has a right to have the fault of all participants in an occurrence measured in one action, and to reduce his or her liability by the amount of fault attributable to the other participants, irrespective of whether they are joined as parties or are immune from liability."); *Brown v. Keill*, 224 Kan. 195, 207 (1978). Put another way, defendants in Kansas are no longer jointly liable for the damages attributed to joint tortfeasors.

The court contrasted these substantive rights with the procedural directive to join all potential tortfeasors upon a motion by any defendant. That procedural component should not be allowed to destroy federal jurisdiction, according to the district court. Instead, the substantive rights to have fault apportioned in one action and to be liable for no more than the damages attributable to a defendant's negligence could be protected by an alternative procedure. The court held that the fault of non-parties could be considered in the apportionment of fault in subsections (b) and (d). Indeed, according to the court, this process was envisioned by the drafting committee which states that

> a party to the action may claim that a person or persons other than the parties to the action caused or contributed to the injury and damage claimed. That person's percentage of fault must be taken into consideration in determining the total fault even though he is not joined as a party.

6

*Greenwood*, 437 F. Supp. at 712 (citing P.I.K. Committee's Comment to P.I.K. 20.05 (1975 Supp.)). Over time, Kansas courts have begun referring to this mechanism as the "phantom party" concept. *See, e.g.*, *Hefley*, 713 F.2d at 1496; *Thurston v. Page*, 168 F.R.D. 655 (D. Kan. 1996). So, contrary to defendant ACI's position, there does appear to be a mechanism for the jury to consider the fault of a non-party.

This process, however, comes at a cost to the plaintiff. Where a plaintiff voluntarily opts for the federal rather than state forum, she "has accepted the risk of non-joinder. Since the [non-diverse tortfeasors] cannot be joined without destroying diversity jurisdiction, plaintiff must forfeit any right of recovery against [them]." *Greenwood v. McDonough Power Equip., Inc.*, 437 F. Supp. 707, 715 (D. Kan. 1977).

One case—albeit one the parties failed to identify—deserves a brief discussion. In *Thurston v. Page*, 168 F.R.D. 655 (D. Kan. 1996), the district court found a non-diverse tortfeasor to be indispensable under Fed. R. Civ. P. 19(a) and dismissed the entire case. There, however, the court pointed out that the plaintiff was pursuing a separate claim against the non-diverse defendant in Missouri state court. That pending state case and the possibility that Missouri courts would honor Kansas's one-action doctrine and might allow the plaintiff to subject the federal defendants to double recovery meant that the non-diverse defendant's joinder was "essential for a just adjudication." *Id.*

Here, however, there is no pending state court case arising out of this accident against any of these defendants (at least to this Court's knowledge). And if such a case were to be filed in Kansas, Kansas law would warrant dismissal. Therefore both of the concerns from *Thurston*—the possibility of multiple actions and the possibility of double recovery—are not present here.

Because Mr. Stiefvater, as a party with potential several liability arising out of this car accident, is not a required party under the first prong of Rule 19, the Court does not reach the second prong which states that "[w]hen a person as described in subdivision (a)(1)-(2) cannot be made a party, the court is to determine whether in equity and good conscience the action should proceed among the parties already before it, or should be dismissed." Fed. R. Civ. P. 19(b) (Advisory Committee Notes); *see, e.g.*, *Greenwood*, 437 F. Supp at 709-710. He is dismissed without prejudice in order to preserve diversity.

### c. **Motion to Transfer.**

Mr. Stiefvater's dismissal brings us back to Ms. Brin's pending motion to transfer. Ms. Brin offers two statutory bases for her motion. The first, 28 U.S.C. § 1406(a), allows a district court to transfer a case filed in the wrong district to any district in which it could have been brought "if it be in the interest of justice." [ECF No. 22.] The second, 28 U.S.C. § 1631, states the following:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

One of the factors to be considered in the interest of justice analysis is "whether the claims would be time barred if filed anew in the proper forum." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1239-40 (noting the considerable discretion given to a court in deciding to transfer under § 1631 but

finding it not in the interest of justice to do so because plaintiffs were not time-barred in the other forum).

Defendant ACI Motor Freight, Inc. and ACI driver Robert Claibourn do not oppose the motion to transfer. [ECF No. 26.] Defendant Kroger Co. and their driver Joshua Rowley do not oppose the motion "[t]o the extent that the case can be transferred intact to the United States District Court for the District of Kansas." [ECF No. 25 at 2.]

Defendant Gibson & Associates, Inc. stands alone in opposing the motion for transfer. [ECF No. 27.] Gibson's argument is, in a nutshell, that (1) this Court presently lacks subject matter jurisdiction over the case and therefore may not transfer it pursuant to 28 U.S.C. § 1406(a), and (2) transfer of a case under 28 U.S.C. § 1406(a) or § 1631 is only valid if the transferee court would have had subject matter jurisdiction over the case at the time it was initially filed. I find both arguments unpersuasive.

The first argument misses the mark after the dismissal of defendant Stiefvater. Even Gibson appears to acknowledge the contingent nature of this argument in its briefing: "The undisputed facts are that complete diversity did not exist at the time the lawsuit was filed and this Court does not have subject matter jurisdiction. This will be the case as long as Defendant Stiefvater is a named party to the lawsuit." [ECF No. 27 at 4.] Mr. Stiefvater is no longer a named party, complete diversity exists, and this Court has the subject matter jurisdiction to transfer the case pursuant to Section 1406(a).

The second argument is more nuanced. The issue, as this Court understands it, is whether both transfer provisions prevent a court from transferring a case after curing a jurisdictional defect, even if curing the defect is within the court's power.

9

Common sense should rule here. Ms. Brin could have brought her action in Kansas at the time it was filed. True, it would have contained a fatal flaw—the presence of Mr. Stiefvater—that would have defeated the court's subject matter jurisdiction. And yet that court, like this one, would have had Rule 21 at its disposal to dismiss Mr. Stiefvater, thereby preserving subject matter jurisdiction. It would be illogical to grant the power to dismiss a non-diverse party for purposes of preserving jurisdiction to a court in potentially the wrong venue that also potentially lacked personal jurisdiction over several parties, but to deny that same court the power to cure the defect and transfer the case to a superior district.

The interests of justice factors favor a transfer in this case. It appears that this Court lacks personal jurisdiction over defendants Rowley and Gibson & Associates. If the case were not transferred, I would almost certainly dismiss those two parties. The limited evidence offered by Ms. Brin (i.e. the fact that Gibson & Associates is a registered contractor for the Colorado Department of Transportation ("CDOT") and that it once submitted a bid to CDOT) does not establish the continuous and systematic contacts required for an exercise of general personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). These facts certainly do not "render [Gibson & Associates] essentially at home in the forum State." *Goodyear Dunlop Tiers Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011). By contrast, the accident that gave rise to Ms. Brin's lawsuit occurred in Kansas, and I doubt either Mr. Rowley or Gibson will dispute the fact that the U.S. District Court for the District of Kansas has specific personal jurisdiction over them in this matter. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (describing specific jurisdiction as arising where the out-of-state defendant "purposefully directed his activities at residents of the forum, and the litigation results

from alleged injuries that arise out of or relate to those activities") (internal citations and quotation marks omitted).

A transfer of venue will also allow Ms. Brin to preserve her time of filing. *Ross v. Colorado Outward Bound Sch.*, 822 F.2d 1524, 1526 (10th Cir. 1987) (holding that "when, in the interest of justice, an action is transferred [pursuant to 28 U.S.C. § 1631] from one federal court to another federal court to cure a want of jurisdiction, the action shall proceed as if it had been filed in the transferee court on the date upon which it was actually filed in the transferor court"). *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'") (quoting *Goldlawr v. Heisman*, 369 U.S. 463, 467 (1962)). Finally, because the accident occurred in Kansas and many of the witnesses reside in Kansas, [ECF No. 12 at 2], I find that their interests and the interest in judicial efficiency also tips slightly in favor of transferring the case to Kansas.

Gibson's arguments appear to be nothing more than a procedural tactic. The company does not dispute that a Kansas court would have specific personal jurisdiction over it because the events giving rise to the cause of action occurred in Kansas. The U.S. District Court for the District of Kansas has subject matter jurisdiction now that Mr. Stiefvater has been dismissed pursuant to Fed. R. Civ. P. 21. Moreover, venue would be proper in Kansas under 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").[2] Therefore, because the District of Colorado

---

[2] Although neither party raised it, 28 U.S.C. § 1404(a) offers an alternative basis for transfer even where venue is proper in the transferor court. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 n.3 (10th Cir. 1991) ("Section 1404(a) transfers [are] distinguished from transfers carried out under 28 U.S.C. § 1406(a). In the case of § 1404(a), both the transferor and the transferee court have venue over the action, but it is more efficient to

lacked personal jurisdiction over Rowley and probably over Gibson & Associates, and because dismissal would cause Ms. Brin's claims to be barred by the Kansas statute of limitations, the interests of justice weigh in favor of transfer to the District of Kansas.[3]

The supposedly contrary cases cited by Gibson are off-base. Both *Whittaker v. Winner*, 264 F. Supp. 2d 281 (D. Md. 2003) and *N.A.A.C.P.-Special Contribution Fund v. Jones*, 732 F. Supp. 791 (N.D. Ohio 1990) involved alternative grounds for denying the motions to transfer. In *Whittaker*, the court noted the obvious error of filing in Maryland when "none of the allegations in the complaint suggest that any of the defendants are subject to personal jurisdiction in Maryland, and, in response to [the] court's inquiry, plaintiffs have not come forward with any facts to substantiate such jurisdiction." *Whittaker*, 264 F. Supp. 2d at 282. Here, by contrast, it was clear all along that Defendants ACI and Kroger were subject to personal jurisdiction in Colorado. And while Ms. Brin did not present particularly persuasive evidence that other defendants were subject to the Court's personal jurisdiction, her error was not as egregious as the one in *Whittaker*. In *N.A.A.C.P.-Special Contribution Fund*, the court could not have relied upon Rule 21 to salvage subject matter jurisdiction. In that case, the defendant argued that there was an absence of complete diversity because the defendant was a resident of Ohio and the plaintiff, an unincorporated association, could not prove that it did not have any members who were residents of Ohio. Therefore the court could not dismiss any of the parties in an effort to

---

prosecute the action in the latter court. Conversely, in the case of § 1406(a), the transferor court lacks venue and must transfer the action in order for it to proceed."). The Court may invoke this provision sua sponte. *Lead Indus. Ass'n, Inc. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979).

[3] The Court is mindful that defendants may believe justice is best served by dismissing this case entirely. That is especially true where some haphazard filing on the part of plaintiffs' counsel appears to have turned a relatively simple case into a procedural headache, forcing the parties to litigate in Colorado before transferring the case to Kansas where jurisdiction and venue were proper all along (with the exception of Mr. Stiefvater). Nonetheless, even the best lawyers make occasional mistakes, and it would be exceedingly unjust to punish Ms. Brin for these errors.

preserve jurisdiction, and it accordingly lacked the power to transfer the case pursuant to Section 1406.

Because I find it to be in the interests of justice to transfer this case to the District of Kansas, and because this Court has subject matter jurisdiction over the case after the dismissal of Mr. Stiefvater pursuant to Rule 21, I grant Ms. Brin's motion to transfer.

### III. Order

1. The Court dismisses plaintiff's claims against Mr. Stiefvater without prejudice.
2. Ms. Brin's motion to transfer venue [ECF No. 22] is GRANTED.
3. There remain three motions to dismiss in this case. [ECF Nos. 6, 7, 10.] The Court issues no ruling regarding these pending motions.

DATED this 23nd day of April, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge