IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUTUMN M. BRIN, Individually and on behalf of her son, Devon Hoffman, a minor<br><br>*Plaintiffs,*<br><br>vs.<br><br>ACI MOTOR FREIGHT, INC.,<br>ROBERT L. CLAIBOURN, III,<br>GIBSON & ASSOCIATES, INC.,<br>KROGER CO., and<br>JOSHUA ROWLEY,<br><br>*Defendants.* | Case No. 14-CV-1125-EFM-KGG |

**MEMORANDUM AND ORDER**

Plaintiffs Autumn Brin and her son, Devon Hoffman, seek monetary damages against Defendants ACI Motor Freight, Inc.; Robert L. Claibourn, III; Gibson & Associates, Inc. ("Gibson"); Kroger Co.; and Joshua Rowley for injuries allegedly resulting from a traffic accident. Defendants Kroger Co., GAI, and Rowley ask this Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Alternatively, Defendants GAI and Rowley also request dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). As explained more fully below, Defendants' motions are denied as moot.

## I.     Legal Standard

Article III of the Constitution limits federal-court jurisdiction to justiciable cases and controversies.[1] A justiciable case or controversy is one that presents the court with a question "in an adversary context and in a form historically viewed as capable of resolution through the judicial process" and does not "intrude into areas committed to the other branches of government."[2] To enforce this restriction on federal-court jurisdiction, the Supreme Court relies on both Article III and certain prudential requirements announced in case law.[3]

Mootness is one aspect of the court's inquiry into justiciability. The mootness doctrine requires that the court be able to "grant effectual relief" to redress an ongoing injury affecting a party.[4] The issue for the court's consideration must be "extant at all stages of review, not merely at the time the complaint is filed."[5] "[A] federal court has no authority to give advisory opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. For that reason, if an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever . . . the [issue] must be dismissed."[6]

---

[1] U.S. Const. Art. III, § 2 (defining the power of the federal courts to include nine enumerated categories of "cases" and "controversies").

[2] *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

[3] Erwin Chemerinsky, *Federal Jurisdiction* § 2.2 (5th ed. 2007); *see also Flast*, 392 U.S. at 96 ("[I]t is quite clear that the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.") (quotation marks and citation omitted).

[4] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation marks and citation omitted).

[5] *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

[6] *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quotation marks and citation omitted).

## II.     Analysis

Plaintiffs originally filed this negligence action in the U.S. District Court for the District of Colorado, asserting diversity as the basis for the Court's subject matter jurisdiction under 28 U.S.C. § 1332.  Brin and her son are Colorado residents.  Except for Stiefvater, all Defendants reside in states other than Colorado.  The Complaint alleges that Stiefvater is a Colorado resident.  Pointing to the lack of complete diversity among the parties, Kroger Co., Gibson, and Rowley each moved to dismiss Plaintiffs' claims for lack of subject matter jurisdiction.  Additionally, Gibson and Rowley each requested dismissal of plaintiffs' claims for lack of personal jurisdiction.  Gibson (a Texas corporation) and Rowley (a Kansas resident) contend that Plaintiffs' Complaint does not allege sufficient contacts between themselves and Colorado to subject them to the judgments of the U.S. District Court for the District of Colorado.

Plaintiffs responded to Defendants' motions but not to Rowley's lack of personal jurisdiction claim.  To establish complete diversity among the parties, Plaintiffs agreed to dismiss Stiefvater.[7]  Plaintiffs defended, however, the District of Colorado's exercise of personal jurisdiction over Gibson based on Gibson's registration with the Colorado Secretary of State and the Colorado Department of Transportation to conduct business in Colorado.  Gibson rejected Plaintiffs' allegations of mere registration to conduct business in a state as sufficient to establish continuous and systematic contacts with Colorado.  Subsequent to an evidentiary hearing on the matter of personal jurisdiction over Gibson, Plaintiffs filed a motion to transfer venue to the

---

[7] To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quotation omitted); *see also* 28 U.S.C. § 1332(a).  In this case, the parties do not dispute that the amount in controversy exceeds the jurisdictional threshold.  The dispute here centers on whether complete diversity of citizenship exists.  The court lacks diversity jurisdiction when any of the plaintiffs has the same residency as even a single defendant.  *Id.*  Stiefvater was the only defendant named by Plaintiffs who, like Plaintiffs, resided in Colorado.  With Stiefvater's dismissal, no defendant has the same residency as Plaintiffs, establishing complete diversity.

District of Kansas. Without ruling on Defendants' motions, the U.S. District Court for the District of Colorado dismissed Plaintiffs' claims against Stiefvater and granted Plaintiffs' motion to transfer venue to the District of Kansas. With the only non-diverse party now dismissed and the case removed from the District of Colorado, the Court now finds Defendants' jurisdiction claims moot.

The Parties are granted an extension of time to file, as necessary, new motions regarding *this* Court's personal jurisdiction over Defendants based upon the status of this case as it now exists. Such motions must be filed **within 21 days from the date of this Order**.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Kroger Co.'s Motion to Dismiss (Doc. 6) is hereby **DENIED AS MOOT**,

**IT IS FURTHER ORDERED** that Defendant Gibson & Associates, Inc.'s Motion to Dismiss (Doc. 7) is hereby **DENIED AS MOOT**,

**IT IS FURTHER ORDERED** that Defendant Joshua Rowley's Motion to Dismiss (Doc. 10) is hereby **DENIED AS MOOT**,

**IT IS FURTHER ORDERED** that the Parties may file a motion concerning this Court's personal jurisdiction over Defendants **within 21 days of September 15, 2014**.

**IT IS SO ORDERED**.

Dated this 15th day of September 2014.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE